UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at CHATTANOOGA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | Case No. 1:09-cr-181 |
| | ) | *Collier/Carter* |
| HARRY ALLEN PRITCHETT | ) | |

# REPORT AND RECOMMENDATION

Defendant Harry Allen Pritchett's Motion to Suppress [Doc. 311] has been referred to the undersigned Magistrate Judge for a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) and (C). For the reasons stated herein, it is RECOMMENDED defendant's motion be DENIED.

Defendant Pritchett moves to suppress certain evidence; namely, methamphetamine, on the ground that there is insufficient evidence to establish a proper chain of custody. Defendant does not make any specific allegation concerning tampering with this evidence. Absent clear evidence that a public officer tampered with the evidence at issue, challenges to the chain of custody go to the weight of the evidence, not its admissibility. *United States v. Levy*, 904 F.2d 1026, 1030 (6th Cir. 1990); *United States v. Allen*, 106 F.3d 695, 700 (6th Cir. 1997); *United States v. Lewis*, 2010 WL 373784 *6 (6th Cir. Feb. 3, 2010). Therefore, defendant's motion to suppress on this ground is DENIED.[1]

---

[1] In its response, the United States outlines the chain of custody for the defendant thereby providing him valuable discovery on this issue.

1

Defendant also seeks to suppress as evidence an "old shotgun." Defendant is charged with being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). This charge is based, at least in part, on the old shotgun. Defendant argues that the shotgun is inoperable and therefore cannot be used as evidence against him. Defendant offers no authority for suppression on this ground, and I find none. The shotgun's functionality may or may not have bearing on whether the government can prove the shotgun meets the definition of a firearm for purposes of Section 922(g). If the defendant desires a firearms expert to examine the shotgun, defendant may file a proper motion setting forth the relevancy of this issue and the need for such an expert; however, it is RECOMMENDED that his motion to suppress evidence of the shotgun be DENIED.[2]

    Dated: June 23, 2010                              s/*William B. Mitchell Carter*
                                                    UNITED STATES MAGISTRATE JUDGE

---

[2] Any objections to this Report and Recommendation must be served and filed within fourteen (14) days after service of a copy of this recommended disposition on the objecting party. Such objections must conform to the requirements of Rule 59(b)(2) of the Federal Rules of Criminal Procedure. Failure to file objections within the time specified waives the right to appeal the District Court's order. *Thomas v. Arn*, 474 U.S. 140, 88 L.Ed.2d 435, 106 S. Ct. 466 (1985). The district court need not provide *de novo* review where objections to this report and recommendation are frivolous, conclusive or general. *Mira v. Marshall*, 806 F.2d 636 (6th Cir. 1986). Only specific objections are reserved for appellate review. *Smith v. Detroit Federation of Teachers*, 829 F.2d 1370 (6th Cir. 1987).